# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Federal Housing Finance Agency, as conservator of Federal Home Loan Mortgage Corporation, et al.,

    Plaintiffs

v.

LN Management LLC, Series 2937 Barboursville, et al.,

    Defendants

Case No.: 2:17-cv-03006-JAD-GWF

**Order Granting in Part Motion to Dismiss and Granting Motion for Summary Judgment on Federal Foreclosure Bar Claims**

[ECF No. 29, 31]

This diversity action seeks to determine the effect of a 2012 nonjudicial foreclosure sale on the deed of trust securing the mortgage on the home. In *SFR Investments Pool 1 v. US Bank*, the Nevada Supreme Court held that a properly conducted nonjudicial foreclosure sale by a homeowners' association (HOA) to enforce a superpriority lien extinguishes a first deed of trust.[1] The Federal Housing Finance Agency (FHFA) as conservator for Federal Home Loan Mortgage Corporation (better known as Freddie Mac), Freddie Mac itself, and loan servicer U.S. Bank sue LN Management, LLC, Series 2937 Barboursville, who bought the home from the foreclosure-sale purchaser. They seek a declaration that Freddie Mac's deed of trust survived this foreclosure because the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) shielded that interest from extinguishment or because Nevada's foreclosure scheme violated lenders' due-process rights.[2]

---

[1] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[2] ECF No. 1. The statutory scheme was amended in 2015.

LN Management moves to dismiss these claims as untimely. It argues that these claims are governed by a three-year Nevada state statute of limitations, which expired long before the plaintiffs filed this lawsuit five years and one month after the foreclosure sale recorded.[3] Freddie Mac and the FHFA (collectively, the Lenders) oppose the motion and contend that the operable limitations period for their claims is a federal six-year one, making these claims timely.[4] They also countermove for summary judgment on their claims that are based on the Federal Foreclosure Bar.[5]

I conclude that the FHFA's claims are governed by the federal six-year statute, but the same claims asserted by Freddie Mac and U.S. Bank are time-barred by Nevada's four-year statute of limitations for lienholders' equitable quiet-title suits because these entities do not get the benefit of the federal extender statute that applies to the Agency's claims. I also find that the FHFA has demonstrated that Freddie Mac's deed of trust was saved from extinguishment by the Federal Foreclosure Bar and continues to encumber the property despite the HOA's foreclosure sale. So I grant the motion to dismiss in part, dismissing Freddie Mac and U.S. Bank's claims, and I grant the FHFA partial summary judgment on its claims that are founded on the Federal Foreclosure Bar.

**Background**

Jia Zhou purchased the home at 2937 Barboursville Ct., in Henderson, Nevada, in 2010, with a mortgage from Linear Financial, LP dba Pardee Home Loans, secured by a deed of trust.[6] Freddie Mac, who has been under the conservatorship of the FHFA since 2008, acquired

---

[3] ECF No. 29.
[4] ECF No. 30.
[5] ECF No. 31. I find both motions suitable for disposition without oral argument. L.R. 78-1.
[6] ECF No. 1 at ¶¶ 22–26; ECF No. 31-2 at 4.

2

ownership of the mortgage on or about March 10, 2011.[7]  The deed of trust has been assigned several times, with U.S. Bank ultimately ending up as its record beneficiary as the servicer for Freddie Mac.[8]  The home is located in the Fairbrook neighborhood and subject to a declaration of covenants, conditions, and restrictions for the Fairbrook HOA, which require the owners of units within this development to pay assessments.[9]

The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a non-judicial foreclosure procedure for HOAs to enforce that lien.[10]  When Zhou fell behind on assessments on the Barboursville Court home, the Fairbrook HOA sold it to the Barboursville Court Trust in such a nonjudicial foreclosure sale on October 23, 2012.  The foreclosure deed recorded on November 7, 2012.[11]  The Barboursville Court Trust then quitclaimed the home to LN Management in May 2013.[12]  As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[13]

But the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) creates an exception to that rule.[14]  This safeguard is contained in the Housing and Economic Recovery Act (HERA, codified

---

[7] ECF No. 31-2 at 4.
[8] *Id*. at 5.
[9] ECF No. 1-1 at 10.
[10] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.
[11] ECF No. 31-3 at 82 (trustee's deed upon sale).
[12] ECF No. 1 at 6.  I take judicial notice of the recorded documents reflecting these transfers.
[13] *SFR*, 334 P.3d at 419.
[14] *See Berezovsky v. Moniz*, 869 F.3d 923, 927 n.1 (9th Cir. 2017).

3

at 12 U.S.C. § 4511 et seq.), which went into effect in 2008, established the FHFA, and placed Freddie Mac under the agency's conservatorship.[15] Under HERA's Federal Foreclosure Bar, when Freddie Mac is the beneficiary of the deed of trust at the time of the foreclosure and Freddie Mac is under the conservatorship of the FHFA, the deed of trust is not extinguished and instead survives the foreclosure sale unless Freddie Mac affirmatively relinquishes that interest.[16] Because Freddie Mac was in conservatorship at the time of this 2012 foreclosure sale and it contends that it did not affirmatively release its interest in the deed of trust, the Lenders and U.S. Bank filed this action on December 6, 2017, asserting four claims for relief asking this court to declare that Freddie Mac's deed of trust was not extinguished by operation of NRS 116.3116 and continues to encumber the property.[17]

LN Management moves to dismiss these claims as untimely.[18] In its four-page motion, LN argues that "[b]ecause the nonjudicial foreclosure process is strictly governed by statute," these claims "are all subject to the three year period of limitation in NRS 11.190(3)(a).[19] It contends that because the Lenders and U.S. Bank waited more than five years after the foreclosure sale to file this suit, all of these claims are time-barred.[20]

---

[15] *Berezovsky*, 869 F.3d at 925.

[16] *Id.* at 933; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) ("Because Freddie Mac was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment.").

[17] ECF No. 1. They also sued the Fairbrook HOA and its agent who conducted the sale, but the claims against the HOA were dismissed, ECF No. 23, and agent Nevada Association Services has not appeared.

[18] ECF No. 29.

[19] *Id.* at 3.

[20] *Id.* LN also argues that "the Motion should be granted in favor of LN Management, as was previously granted in favor of Fairbrook Community Association." ECF No. 29 at 4. Fairbrook did move to dismiss the single claim against it as time barred and for failure to state a claim. But

4

The Lenders oppose the motion to dismiss, arguing that their claims are governed not by NRS 11.190(3)(a)'s three-year deadline, but by the six-year federal statute of limitation that HERA prescribes for contract claims brought by the FHFA as conservator for Freddie Mac, making them timely.[21] They also countermove for summary judgment on their Federal Foreclosure Bar claims, arguing that HERA's Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Freddie Mac's interest.[22] U.S. Bank filed no opposition to LN's motion to dismiss and has not joined in the Lenders'. LN filed neither a reply in support of its motion to dismiss nor an opposition to the motion for summary judgment.[23]

## Analysis

### I. LN's Motion to Dismiss [ECF No. 29]

A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[24] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint,

---

I granted that motion because the Lenders failed to oppose it, not with a merits discussion. *See* ECF No. 23 (minute order stating, "Local Rule 7-2(d) provides that '[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." I deem the plaintiffs' failure to oppose this motion as their consent to granting it. Accordingly, good cause appearing, the Fairbrook Community Association's Motion to Dismiss Complaint is GRANTED; any claims against Fairbrook Community Association are DISMISSED.").

[21] ECF Nos. 30, 31.

[22] ECF No. 31.

[23] The deadlines for those documents were August 17, 2018, and August 31, 2018, respectively. The parties stipulated to extend LN's deadline to reply to the motion to dismiss to August 31, 2018, ECF No. 32, but the court denied the stipulation without prejudice to its resubmission, and the parties never submitted a revised one. ECF No. 33 (minute order).

[24] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[25]

The Lenders and U.S. Bank plead four causes of action, all seeking a declaration that Freddie Mac's deed of trust continues to encumber the property despite the HOA foreclosure.[26] The Lenders brand their suit as a quiet-title action, while LN Management characterizes these causes of action as statutory-based ones. The nature of these claims dictates which statute of limitations applies and whether the decision to wait more than five years to seek a judicial declaration of Freddie Mac's interest bars this action. Because U.S. Bank failed to oppose LN's motion to dismiss, I deem this lack of response "a consent to the granting of the motion" as Local Rule 7-2(d) permits, and I dismiss U.S. Bank's claims on this basis.[27] I thus evaluate the motion's merits only for the Lenders' claims.

**A.     Classifying the Lenders' claims under Nevada law**

To evaluate claims, "we must look at the substance of the claims, not just the labels used."[28] The general purpose of each of the Lenders' claims is to challenge the impact of the foreclosure sale on the deed of trust. This requested equitable relief makes these claims the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by

---

[25] *Id.*

[26] ECF No. 1.

[27] L.R. 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

[28] *Nevada Power Co. v. Eighth Jud. Dist. Ct. of Nev. ex rel. Cty. of Clark*, 102 P.3d 578, 586 (Nev. 2004).

6

invoking the court's inherent equitable jurisdiction to settle title disputes."[29] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[30] When brought by lienholders like Freddie Mac, these equitable quiet-title claims are governed by Nevada's catch-all four-year statute of limitations in NRS 11.220.[31] If the state statute for these claims applies, all of the Lenders' claims are time barred and must be dismissed because they were filed more than four years after the foreclosure sale occurred.

**B.     The effect of HERA's statute of limitations**

The Lenders contend that HERA throws a wrinkle into the characterization of their claims for staleness purposes.[32] Section 4617(b)(12) of HERA, entitled "Statute of limitations for actions brought by conservator or receiver," provides "the applicable statute of limitations with regard to any action brought by the Agency as conservator or receiver" but identifies only two categories of claims: contract and tort.[33] The limitations period for "any contract claim" is the longer of six years or "the period applicable under State law"; and for "any tort claim," the

---

[29] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016). These claims may also be characterized as claims under NRS 40.010, which essentially codified this equitable cause of action and permits an action "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010; *Shadow Wood*, 366 P.3d at 1110–1111 (quoting *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082 (Nev. 1916) ("there is practically no difference in the nature of the action under our statute and as it exists independent of statute.")).

[30] *Shadow Wood*, 366 P.3d at 1112.

[31] *See infra* at pages 12–14; *see also Nationstar Mortg. LLC v. Keynote Properties, LLC*, 2019 WL 266288, at *4 (D. Nev. Jan. 18, 2019).

[32] ECF No. 30 at 11–13.

[33] 12 U.S.C. § 4617(b)(12)(A).

deadline is the longer of three years or any applicable state-law period.[34] The Lenders contend that HERA's federal limitations scheme rescues their claims from the preclusive effects of the state deadlines.

### 1. *HERA's statutory periods apply to all FHFA claims of any type.*

It would appear at first blush that HERA's limitations periods do not apply here because the FHFA's claims are neither tort nor contract claims—they're equitable quiet-title claims. But courts interpreting HERA have held that § 4617(b)(12) applies to **any** claim brought by the FHFA as conservator "and supplants any other time limitations that otherwise might have applied."[35] They reason that "the words of the statute" broadly sweep in all claims that the FHFA as conservator may bring because "Section 4617(b)(12) sets forth '*the* applicable statute of limitations with regard to *any* action brought by FHFA as conservator" and "provides that the limitations period '*shall be*' six years for contract cases, three years for tort cases, or in either case the respective applicable period under state law if that period is longer."[36] "By explicitly stating that '*the*' statute of limitation for '*any action*' brought by FHFA as conservator '*shall be*' as specified in § 4617(b)(12) . . . Congress precluded the possibility that some other limitations period might apply to claims brought by FHFA as conservator."[37] "To the extent there is any ambiguity" in this scheme, these courts have also concluded that "the legislative history

---

[34] *Id*.

[35] *FHFA v. UBS Americas Inc.*, 712 F.3d 136, 143–44 (2d Cir. 2013); *accord*, *FHFA v. Royal Bank of Scotland Grp. PLC*, 124 F. Supp.3d 92, 95 (D. Conn. 2015); *FHFA v. HSBC No. Amer. Holdings, Inc.*, 2014 WL 4276420 at *5 (S.D. N.Y. Aug. 28, 2014); *In re Countrywide Fin. Corp. Mortgage-backed Sec. Litig.*, 900 F. Supp.2d 1055, 1067 (C.D. Cal. 2012).

[36] *FHFA v. UBS Americas Inc.*, 712 F.3d at 141 (emphasis original).

[37] *Id*. at 141–42 (emphasis original).

8

eliminates any doubt" that its application is comprehensive.[38] "Congress enacted HERA and created FHFA in response to the housing and economic crisis, precisely because it wanted to address the dire financial condition of Fannie Mae and Freddie Mac. As HERA makes clear, Congress intended FHFA to take action to 'collect all obligations and money due' to the[se government-sponsored entities], to restore them to a 'sound and solvent condition.'"[39]

Although the Ninth Circuit has not considered the breadth of § 4617(b)(12)'s application, its rules of statutory construction suggest that it would reach the same conclusion. The law of this circuit recognizes that "[t]he starting point for the interpretation of a statute is always its language, and courts must presume that a legislature says in a statute what it means and means in a statute what it says there."[40] The Ninth Circuit has also directed that "[t]o the extent that a statute is ambiguous in assigning a limitations period for a claim, we will interpret it in a light most favorable to the government."[41] And the FHFA is an agency of the United States, so it is entitled to the benefits of this generous rule of construction.[42]

### 2. *The Agency's claims are contract claims under HERA.*

Because HERA's limitations periods apply to any claim the Agency brings as Freddie Mac's conservator, but Congress left out entire categories of claims when prescribing those periods, I must perform the square-peg-in-round-hole task of sorting these equitable quiet-title claims into the contract or tort bucket. Courts have placed statutory securities-fraud claims in

---

[38] *Id.* at 142.

[39] *Id.*

[40] *Alvarado v. Cajun Oper. Co.*, 588 F.3d 1261, 1268 (9th Cir. 2009) (quoting *Azarte v. Ashcroft*, 394 F.3d 1278, 1285 (9th Cir. 2005)).

[41] *FDIC v. Former Officers and Dirs. of Metro. Bank*, 884 F.2d 1304, 1309 (9th Cir. 1989).

[42] *See* 12 U.S.C. § 4617(a)(7).

9

HERA's tort bucket,[43] demonstrating that these buckets hold more than traditional tort and contract notions, but no court has considered the placement of equitable claims like these. The closest any court has come is the Eleventh Circuit's holding in *Smith v. F.D.I.C.* that mortgage-foreclosure claims were covered by the six-year deadline for contract claims in the mirror provision in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA)[44] that applies to actions brought by the Federal Deposit Insurance Corporation as the receiver for failed banks.[45] The *Smith* court reasoned that "because a mortgage lien is an interest in property created by contract, an action to enforce that lien is clearly a contract action. The mere fact that contractual obligations are collateralized by a security interest in real property does not change the essential nature of the claim."[46]

All four of the FHFA's claims are founded on a mortgage lien and seek a declaration that the HOA sale did not extinguish that lien interest; the Agency does not seek damages.[47] Two of these claims allege a due-process violation, and the United States Supreme Court recognized in *City of Monterey v. Del Monte Dunes at Monterey* that constitutional injury may sound in tort.[48] But its conclusion that the takings claim in that case was akin to a common-law tort claim was based on a material fact that distinguishes that claim from the FHFA's here: the plaintiff sought to recover damages. So the court found that claim "most analogous to the various actions that

---

[43] *See* cases cited in note 35, *supra*.
[44] 12 U.S.C. § 1821(d)(14).
[45] *Smith v. F.D.I.C.*, 61 F.3d 1552 (11th Cir. 1995).
[46] *Smith*, 61 F.3d at 1561.
[47] *See* ECF No. 1 at 8–12.
[48] *City of Monterey v. Del Monte Dunes at Monterey*, 526 U.S. 687, 714 (1999).

10

lay at common law to recover damages for interference with property interests," which were traditionally tort actions.[49]

This distinction is further elucidated by the Ninth Circuit's opinion in *Stanford Ranch, Inc. v. Maryland Casual Company*.[50] In attempting to pigeonhole claims that may trigger an insurer's duty to defend, the panel explained, "[i]f a claim is dependent upon the existence of an underlying contract, the claim sounds in contract, as opposed to tort."[51] The key, it noted, is whether "the alleged harm could [ ] have been realized without [a] contract. . . ."[52] If liability "depends upon the existence of" an underlying contract, the claim sounds in contract.[53]

All of the Agency's liability theories here depend on the existence of Freddie Mac's mortgage lien, which is an interest created by a mortgage contract.[54] That lien is the hook that allows the Agency to seek a declaration that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Freddie Mac's deed of trust. And the gist of the Agency's due-process theory is that Nevada's foreclosure scheme violated lenders' rights to protect their lien interests—interests founded on mortgage contracts. Indeed, the point of the Agency's suit is to marshal and protect Freddie Mac's asset: a mortgage contract secured by a deed of trust. So, under HERA, "the applicable statute of limitations" for these claims is "the longer of" six years

---

[49] *Id*. at 715. HERA further defines "tort claim" as "a claim arising from fraud, intentional misconduct resulting in unjust enrichment, or intentional misconduct resulting in substantial loss to the regulated entity." 12 U.S.C. § 4617(b)(13)(B). The Agency does not allege any such conduct here. *See generally* ECF No. 1.

[50] *Stanford Ranch, Inc. v. Maryland Casual Co.*, 89 F.3d 618 (9th Cir. 1996).

[51] *Id*. at 625.

[52] *Id*. (quoting *Allstate Ins. Co. v. Hansten*, 765 F. Supp. 614, 616 (N.D. Cal. 1991)).

[53] *Id*.

[54] *Smith*, 61 F.3d at 1561.

from claim accrual or "the period under State law."[55] Because the state-law period is four years,[56] I must apply HERA's longer six-year deadline to the FHFA's claims, making them timely.

### 3. *HERA's extender statute does not apply to Freddie Mac's claims.*

The same is not true for Freddie Mac's own claims, however. HERA's extender statute applies only to the claims by the FHFA because § 4617(b)(12)(A) states that these extended limitation periods apply only "to any action brought by the Agency as conservator or receiver. . . ."[57] And, again, I must presume that the legislature said what it meant and meant what it said.[58] So, to the extent that Freddie Mac asserts its own claims here, those claims fall outside of HERA's extender statute.

LN Management argues that these claims are subject to a three-year statute of limitation in NRS 11.190(3)(a), which governs "[a]n action upon a liability created by statute, other than a penalty of forfeiture."[59] But none of the statutory provisions that these claims reference creates liability. The first two claims seek a declaration that the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) precluded the extinguishment of Freddie Mac's deed of trust because the lender was under the conservatorship of the FHFA at the time of the foreclosure.[60] Section 4617(j)(3) does not create liability, however. It states only that "[n]o property of the Agency shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall

---

[55] 12 U.S.C. § 4617(b)(12)(A)(i).
[56] *See infra* at pages 12–14.
[57] 12 U.S.C. § 4617(b)(12)(A).
[58] *Alvarado*, 588 F.3d at 1268 (9th Cir. 2009) (quoting *Azarte v. Ashcroft*, 394 F.3d 1278, 1285 (9th Cir. 2005)).
[59] Nev. Rev. Stat. § 11.190(3)(a).
[60] ECF No. 1 at 8–10.

any involuntary lien attach to the property of the Agency."[61] The same is true of NRS 116.3116, et seq., which is the statutory scheme challenged by Freddie Mac's last two claims.[62] Indeed, the basis for liability alleged in those claims is the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.[63] So NRS 11.190(3)(a) does not supply the statute of limitations for these claims.

Although some quiet-title claims in Nevada are governed by NRS 11.080, the purchasers are correct that this statute does not apply here. NRS 11.080 provides a five-year deadline for claims for "the recovery of real property, or for the recovery of the possession thereof other than mining claims . . . ."[64] This suit, however, is not an action for the recovery of property or possession of property. If the Lenders win, they get only a declaration that Freddie Mac's lien remains on the property. So NRS 11.080 has no application to these claims.[65]

With no squarely applicable limitations statute for Freddie Mac's equitable quiet-title claims, I am left with the catch-all four-year deadline in NRS 11.220, which states that "[a]n action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."[66] Because the foreclosure sale recorded on November 7,

---

[61] 12 U.S.C. § 4617(j)(3).

[62] *See* ECF No. 1 at 11–12.

[63] *Id.*

[64] Nev. Rev. Stat. § 11.080.

[65] NRS 11.070 similarly supplies a five-year statute of limitations for quiet-title actions "founded upon the title to real property or to rents or to services out of the same."[65] But Freddie Mac's claims do not fall under NRS 11.070 because they are not founded upon title, rents, or services, but rather upon lien rights created by a deed of trust and further defined by federal statute (the federal foreclosure bar).

[66] Nev. Rev. Stat. §11.220.

13

2012, and this action was filed more than four years later on December 6, 2017, Freddie Mac's claims are time barred.[67] So I dismiss Freddie Mac's claims, but the FHFA's claims proceed.

## II. The Agency's Motion for Summary Judgment [ECF No. 31]

Since the FHFA's claims survive LN's timeliness challenge, I turn to its motion for summary judgment.[68] Although the FHFA's four claims are based on two legal theories: (1) the Federal Foreclosure Bar prevented the HOA's non-judicial foreclosure sale from extinguishing Freddie Mac's deed of trust and (2) Nevada's HOA non-judicial foreclosure scheme violated lenders' due process rights because it didn't give sufficient notice of the sale, it only argues the first theory in support of its summary-judgment request.[69] So I construe this motion as one for summary judgment on the claims premised on the Federal Foreclosure Bar only.

### A. Summary-judgment standards

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[70] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[71] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[72]

---

[67] Had I not dismissed U.S. Bank's claims based on L.R. 7-2, I would have found that, like Freddie Mac's claims, U.S. Bank's are governed by NRS 11.220 and similarly time barred.

[68] Although the summary-judgment motion is also urged by Freddie Mac, the dismissal of its claims as time barred moots Freddie Mac's portion of the motion.

[69] *See generally* ECF No. 31.

[70] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[71] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[72] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

14

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[73] "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[74] Although LN's failure to oppose the motion for summary judgment does not permit me to enter summary judgment by default, the lack of a response is not without consequences.[75] As Rule 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."[76]

**B.    The FHFA is entitled to summary judgment on its § 4617(j)(3) claims.**

The motion and supporting materials here show that the FHFA is entitled to summary judgment on its Federal Foreclosure Bar claims. In *Berezovsky v. Moniz*, the Ninth Circuit held that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision,"[77] preventing a non-judicial foreclosure sale under NRS Chapter 116 from extinguishing a Freddie-Mac deed of trust while Freddie Mac is under the FHFA's conservatorship. So the question for me to decide on summary judgment is whether the FHFA has shown that Freddie Mac's interest in this property is protected by the Federal Foreclosure Bar.

---

[73] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.
[74] *Sonner v. Schwabe N. Am., Inc.*, ___ F.3d ___, ___, 2018 WL 6786616 at *2 (9th Cir. Dec. 26, 2018).
[75] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).
[76] Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.
[77] *Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017).

The record supports that conclusion. Freddie Mac offers the affidavit of Dean Meyer, Loss Mitigation Director for Freddie Mac, and corroborating documents to show that Freddie Mac had a valid and enforceable deed of trust on the property at the time of the 2012 foreclosure sale.[78] They also show that Freddie Mac was under conservatorship of the FHFA at that time, and there is no evidence in the record that Freddie Mac consented to the extinguishment of its lien. LN's failure to oppose the motion for summary judgment leaves me without any disputed issues of fact. Because, as the Ninth Circuit held in *Berezovsky*, the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Freddie Mac's deed of trust, the FHFA is entitled to summary judgment on its first and second causes of action. Freddie Mac's deed of trust continued to encumber the property despite the foreclosure sale, so LN Management took the property subject to that lien interest.

## Conclusion

IT IS THEREFORE ORDERED that LN Management LLC, Series 2937 Barboursville's Motion to Dismiss Plaintiffs' Complaint **[ECF No. 29] is GRANTED in Part and DENIED in Part. The claims by Federal Home Loan Mortgage Corporation and U.S. Bank LLC are DISMISSED with prejudice, but the claims by the Federal Housing Finance Agency, as conservator of Federal Home Loan Mortgage Corporation, may proceed.**

IT IS FURTHER ORDERED that the **Federal Home Loan Mortgage Corporation's Motion for Summary Judgment [ECF No. 31] is GRANTED in part; summary judgment is entered in favor of the Federal Home Loan Mortgage Corporation on its first and second causes of action.**

---

[78] *See* ECF No. 31-2.

This order leaves pending only the Federal Home Loan Mortgage Corporation's third cause of action against LN Management and Nevada Association Services, and its fourth cause of action against LN Management. Those claims allege that the defendants violated U.S. Bank's due process rights and are founded the Ninth Circuit's holding in *Bourne Valley Court Trust v. Wells Fargo Bank., N.A.*, 832 F.3d 1154 (9th Cir. 2016), which is no longer good law in light of the Nevada Supreme Court's ruling in *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018).[79] Plus, the entry of summary judgment in FHFA's favor on its first two causes of action gives it the bottom-line relief it seeks here: a declaration that the HOA non-judicial foreclosure sale did not extinguish the deed of trust. Accordingly, the FHFA has until March 29, 2019, to either voluntarily dismiss these remaining claims or show cause in writing why the court should not dismiss these claims as duplicative or in light of the Nevada Supreme Court's ruling in *SFR v. BONY*.

Dated: March 11, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[79] *See, e.g., Bank of New York Mellon Trust Co. v. SFR Investments Pool 1, LLC*, 2019 WL 982378, at *1 (D. Nev. Feb. 28, 2019) ("Bourne Valley is no longer controlling law.").