# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Federal Housing Finance Agency, as conservator of Federal Home Loan Mortgage Corporation, et al.,<br><br>Plaintiffs<br><br>v.<br><br>LN Management LLC, Series 2937 Barboursville, et al.,<br><br>Defendants | Case No.: 2:17-cv-03006-JAD-EJY<br><br>**Order Granting Motion for Reconsideration, Vacating Portion of Order Refusing to Extend HERA's Six-year Limitations Period to Freddie Mac, and Directing the Entry of Final Judgment**<br><br>[ECF Nos. 36, 38] |

This quiet-title action was initiated by the Federal Housing Finance Agency ("FHFA") as conservator for Federal Home Loan Mortgage Corporation (better known as "Freddie Mac"), Freddie Mac itself, and Freddie Mac's loan servicer U.S. Bank, seeking a declaration that a 2012 nonjudicial foreclosure sale by a homeowners' association did not extinguish Freddie Mac's deed of trust securing the mortgage on the home. Earlier this year, I granted summary judgment in favor of the FHFA on its quiet-title claims and held that Freddie Mac's deed of trust continued to encumber the home located at 2937 Barboursville Court, in Henderson, Nevada, despite the foreclosure sale.[1] I concluded that the Federal Foreclosure Bar in the Housing and Economic Recovery Act of 2008 ("HERA")[2] saved Freddie Mac's deed of trust from being wiped out by the foreclosure sale and that the FHFA's quiet-title claim was timely even though it was filed

---

[1] ECF No. 36.

[2] 12 U.S.C. § 4511 et seq.; the Federal Foreclosure Bar is found at 12 U.S.C. § 4617(j)(3).

after the state limitations period expired.[3] I found that the FHFA's claim had the benefit of HERA's claims-period extender statute, which provides "the applicable statute of limitations with regard to any action brought by the FHFA as conservator or receiver," extending the deadline for the FHFA's quiet-title claims to six years.[4] But I also held that, by its plain language, HERA extends the filing period for claims brought by the FHFA only,[5] so I dismissed as untimely the same quiet-title claims brought by Freddie Mac.[6]

Freddie Mac moves for reconsideration of that decision, correctly noting that because Defendant LN Management LLC, Series 2937 Barboursville never argued that the extender statute does not apply to Freddie Mac's claims, it never had the opportunity to brief that nuanced issue; if it had, it would have demonstrated that it, too, can claim the extender statute's benefits.[7] Because Freddie Mac has shown that reconsideration is warranted, I grant its motion, vacate the portion of my March 11, 2019, order dismissing Freddie Mac's claims, enter final judgment in favor of the FHFA and Freddie Mac on those claims, and close this case.

---

[3] ECF No. 36 at 7.

[4] 12 U.S.C. § 4617(b)(12)(A).

[5] ECF No. 36 at 12.

[6] *Id*. at 14. I dismissed the claims brought by loan servicer U.S. Bank because it failed to oppose Defendant LN Management LLC, Series 2937 Barboursville's motion to dismiss. *See id.* at 6. Freddie Mac notes that I also stated that, had I not dismissed U.S. Bank's claims based on the bank's failure to oppose LN's motion to dismiss, I would have found the bank's claims time-barred, too. ECF No. 38 at 2, n.1. And, in a footnote, Freddie Mac "submits" that that reasoning was flawed for the same reason that reconsideration should be granted as to Freddie Mac. U.S. Bank does not urge reconsideration, and I decline to address substantive requests for relief that have been relegated to footnotes because—like Freddie Mac's point here—they are insufficiently developed to permit fair evaluation. So I do not consider whether this reconsideration order would extend to U.S. Bank's quiet-title claim had U.S. Bank moved for reconsideration on the same arguments.

[7] ECF No. 38.

**Discussion**

**A.    The district court has the authority to decide this motion for reconsideration.**

LN Management offers a single-sentence opposition to Freddie Mac's reconsideration request, arguing that the motion "is mute [sic] for lack of jurisdiction of the court."[8] Presumably, LN bases this assertion on the fact that it filed a notice of appeal from the dismissal order two weeks after Freddie Mac moved for reconsideration. But, as the Ninth Circuit tacitly acknowledged in granting the motion to stay that appeal,[9] because Freddie Mac's reconsideration motion was pending before LN filed its notice of appeal, that notice becomes effective only after the reconsideration motion is resolved.[10]

Of course, that assumes that LN's appeal is even ripe. My dismissal order left claims pending and ordered the plaintiffs to show cause why those claims shouldn't be dismissed.[11] I did not direct the entry of final judgment as to LN or any party using the magic language in Rule 54(b) of the Federal Rules of Civil Procedure.[12] Because final judgment has not been entered, I retain the ability to reconsider that interlocutory dismissal order.[13]

---

[8] ECF No. 40 at 1.

[9] ECF No. 45.

[10] Fed. R. App. P. 4(a)(4)(B).

[11] ECF No. 36 at 17.

[12] *See generally id.*

[13] *See* Fed. R. Civ. P. 54 (establishing that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

**B. The court grants reconsideration and vacates the portion of the order dismissing Freddie Mac's quiet-title claim as untimely.**

Freddie Mac urges me to reconsider the portion of my order declining to apply the extender statute to its claims. Although I remain convinced that the extender statute is unambiguous and that its plain language limits its application to actions brought by the Agency, Freddie Mac has persuaded me (with no contradiction on this point from LN) that the Ninth Circuit's holding in *United States v. Thornburg*[14] that a similar federal limitations period applied to claims by an assignee of a government agency binds me to rule similarly here. So I follow *Thornburg* and find that Freddie Mac's quiet-title claim gets the benefit of HERA's six-year federal statute of limitations, making it timely.

The question in *Thornburg* was whether the six-year federal limitation period that governs actions by the United States to enforce a debt[15] continued to apply when the Small Business Administration (SBA) assigned a note and personal guaranty to a bank for collection purposes.[16] The panel found persuasive the Fifth Circuit's ruling in *FDIC v. Bledsoe* that the extender statute in the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") "was transferred" along with a promissory note that the government agency assigned to a private institution.[17] Like HERA, FIRREA "explicitly accords a six year period of limitations to actions brought by the FDIC as conservator or receiver," but "[a]ssignees are not

---

[14] *United States v. Thornburg*, 82 F.3d 886 (9th Cir. 1996).

[15] *See id.* at 889 n. 4 (quoting 28 U.S.C. § 2415(a), which provided in relevant part that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues. . . .").

[16] *Thornburg*, 82 F.3d at 890–92.

[17] *FDIC v. Bledsoe*, 989 F.2d. 805, 808 (5th Cir. 1993).

covered by [its] express terms . . . ."[18]  So the *Bledsoe* court "turn[ed] to the common law to fill the gap" and reasoned that the private institution, "as assignee, stood in the shoes of the" government entity, "the assignor, and thus received" the federal statute's six-year limitations period.[19]

The *Thornburg* court found its own facts "an even more compelling situation for the application of the common law rule than the factual predicate for the *Bledsoe* line of cases."[20]  The SBA had not "divest[ed] itself of its right to bring an action to collect the unpaid balance of the loan," it merely "appoint[ed] the [b]ank to act as its surrogate in negotiating with the debtors."[21]  Thus, the panel concluded, "the [federal] six-year statute of limitations was applicable to any action filed by the [b]ank on behalf of the United States to enforce the debt secured by the [n]ote and the Thornburgs' personal guaranty."[22]

*Thornburg* blazed the trail that I must follow in deciding whether Freddie Mac enjoys the benefit of HERA's extender statute.  Freddie Mac's deed of trust, acquired in 2011,[23] is effectively FHFA property because Freddie Mac was in conservatorship at that time, so the agency holds it in trust for the benefit of Freddie Mac.[24]  The FHFA has issued a public statement confirming that it supports "actions to contest" HOA "foreclosures that purport to

---

[18] *Id*. at 809 (quoting 12 U.S.C. § 1821(d)(14)).

[19] *Id*. at 810.

[20] *Thornburg*, 82 F.3d at 891.

[21] *Id*.

[22] *Id*. at 892.

[23] ECF No. 31-2 at ¶ 5(b)–(i).

[24] *See* 12 U.S.C. 4617(b); *Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. 2017); *Federal Home Loan Mortg. Corp. v. SFR*, 893 F.3d 1136, 1146 (9th Cir. 2018).

5

extinguish [Freddie Mac] property interests" in violation of the Federal Foreclosure Bar,[25] and HERA authorizes the FHFA, as conservator, to delegate operational decisions to Freddie Mac's management.[26] U.S. Bank, the loan servicer whose name appears on the deed of trust,[27] is acting as an assignee and agent for enforcement purposes only,[28] just as the bank in *Thornburg* was assigned the note and guaranty "for the purpose of collection."[29] To hold that HERA's extender statute does not apply to Freddie Mac's action to protect the agency's deed of trust would be incompatible with the Ninth Circuit's ruling in *Thornburg* that "the six-year federal statute of limitations was applicable to any action filed by the [b]ank, as an assignee of the SBA."[30] I thus follow *Thornburg* and hold that HERA's federal six-year limitation period also applies to Freddie Mac's claims contesting the HOA-foreclosure-sale extinguishment of its deed of trust. So I reverse that portion of my previous order in which I held that HERA's extender statute does not apply to Freddie Mac's quiet-title claims (ECF No. 36, § I(B)(3)). And because the same evidence on which I granted summary judgment for the FHFA compels me to grant summary

---

[25] *See* https://www.fhfa.gov/Media/PublicAffairs/PublicAffairsDocuments/Authorized-Enterprise-Servicers-Reliance.pdf, last visited 12/9/19; ECF No. 31-3 at 87. I take judicial notice of that statement as its accuracy is undisputed. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noting that "[i]t is appropriate to take judicial notice of" information on government websites when its accuracy and authenticity are not disputed).

[26] 12 U.S.C. § 4617(b)(2)(C).

[27] *See* ECF No. 31-3 at 2 (assignment to U.S. Bank).

[28] ECF No. 31-2 at ¶ 5(e)–(i) (noting that "U.S. Bank began servicing the Loan, pursuant to [Freddie Mac's Single-Family Seller/Servicer Guide] on or about March 10, 2011[,] and has serviced the Loan ever since"); *see also Berezovsky*, 869 F.3d at 933 (explaining the loan-servicer relationship in light of the government-sponsored enterprise's Single-Family Seller/Servicer Guide, which is subject to judicial notice).

[29] *Thornburg*, 82 F.3d at 890–91.

[30] *Id.* at 894.

judgment in favor of Freddie Mac on its identical claims,[31] I extend the grant of summary judgment to Freddie Mac based on the reasoning stated in my prior order (ECF No. 36 at § II) and hold that the FHFA *and Freddie Mac* are entitled to summary judgment on their first and second causes of action.

**C.     All remaining claims are dismissed.**

My original dismissal/summary judgment order left pending the third and fourth causes of action, and I ordered the plaintiffs to either voluntarily dismiss these remaining claims or show cause in writing why the court should not dismiss them.[32] Those claims have now been voluntarily dismissed.[33] That dismissal, coupled with this order reversing the dismissal of Freddie Mac's claims as untimely and extending summary judgment to Freddie Mac's claims results in the termination of all claims and makes this case ripe for final judgment.

**Conclusion**

IT IS THEREFORE ORDERED that **Freddie Mac's motion for reconsideration [ECF No. 38] is GRANTED**. **The portion of the March 11, 2019, Order holding that HERA's extender statute does not apply to Freddie Mac's quiet-title claim and dismissing those claims as untimely [ECF No. 36, § I(B)(3)] is VACATED**, those claims are reinstated, and the court extends the grant of summary judgment to Freddie Mac and GRANTS summary judgment in favor of the Federal Home Loan Mortgage Corporation (Freddie Mac) and the Federal Housing Finance Agency (the FHFA)[34] on their first and second causes of action based on the

---

[31] ECF No. 36, § II(B).

[32] *Id*. at 17.

[33] ECF No. 37.

[34] I note that the original order erroneously stated that summary judgment was entered in favor of the Federal Home Loan Mortgage Corporation (ECF No. 36 at 16, ll. 18–21) when the court

7

Federal Foreclosure Bar (12 U.S.C. §4617(j)(3)); all remaining claims and theories are DISMISSED.

And with good cause appearing and no reason to delay, **the Clerk of Court is directed to ENTER FINAL JUDGMENT** in favor of the Federal Home Loan Mortgage Corporation (Freddie Mac) and the Federal Housing Finance Agency (the FHFA), **DECLARING that:**

> **The Federal Foreclosure Bar, 12 U.S.C. §4617(j)(3), prevented the October 30, 2012, foreclosure sale on the property located at 2937 Barboursville Court, Henderson, Nevada 89052, from extinguishing the deed of trust dated December 27, 2010, and recorded in the Clark County Records at Instrument Number 201012290003967**,

and CLOSE THIS CASE.

Dated: December 13, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

meant that judgment would be entered in favor of the Federal Housing Finance Agency. This order clears up any such error.